CASE 81—PETITION EQUITY—NOVEMBER 21.

# Guishaber vs. Hairman, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A conveyance to the husband in trust for "*the use, benefit, and behoof of his wife*," cannot, *per se*, be interpreted as intended to vest in her a separate estate free from his participation and control in the enjoyment of it. Consequently, his and her joint bond for the price of a musical clock, not shown to be a "necessary," imposed on her no legal obligation, either personal or proprietary, but was, as to her, like other ordinary contracts of a married woman, void.

2. The joint bond of the husband and wife being void as to the wife, her partial payment or promise of full payment of the bond made when she was administratrix of her deceased husband's estate, did not entitle the creditor to a personal judgment against her.

J. B. KINKEAD and JOHN W. BARR,          For Appellant.

CITED—

*Hill on Trustees, page* 420.

*Clancy on Husband and wife, p.* 262.

4 *Dana,* 610; *Bridges vs. Wood.*

5 *B. Mon.,* 113; *Griffith vs. Griffith.*

2 *Metcalfe,* 504; *Johnston vs. Ferguson.*

1 *Iredell's Equity R.,* 452; *Steel vs. Steel.*

1 *American Leading Cases*; *Halme vs. Tenant.*

5 *J. J. M.,* 226; *Long's adm'rs vs. White, &c.*

8 *Ala. R.,* 399; *Vance vs. Will.*

5 *Taunt.,* 47; *Lee vs. Muggeridge.*

1 *Metcalfe,* 149; *Ehrman vs. Kendrick.*

*Civil Code, sec.* 569.

*Rev. Stat. chap.* 40, *sec.* 9.

Guishaber vs. Hairman, &c.

LEWIS N. DEMBITZ,                                   For Appellee,

CITED—

2 *Metcalfe*, 503 ; *Ferguson vs. Johnson.*

*Civil Code, secs.* 566, 569.

3 *Metcalfe*, 424; *Smith vs. Ferguson.*

10 *B. M.*, 88 ; *Dudley vs. Price's adm'r.*

1 *Strange*, 94 ; *Lloyd vs. Lee.*

2 *Sandf.*, 311 ; *Watkins vs. Halstead.*

*Barnewall and Adolphus*, 811 ; *Littlefield vs. Shee.*

8 *Adolphus and Ellis*, 467 ; *Myer vs. Harworth.*

5 *Taunt.*, 37 ; *Lee vs. Muggeridge.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT.

The conveyance to the husband in trust for " *the use, benefit, and behoof of his wife*," cannot, *per se,* be interpreted as intended to vest in her a separate estate free from his participation and control in the enjoyment of it. Had such been the intention, " *her separate use*," or " *sole use*," or " subject to her own control or disposition," or some other equivalent restriction, would probably have been added. And vesting the legal title and control in the husband, rather fortifies the deduction that the parties did not intend to secure to the wife exclusively the whole and sole beneficial interest as her separate estate in the technical sense. Consequently, his and her joint bond for the price of a musical clock, not shown to be a " necessary," imposed on her no legal obligation, either personal or proprietary, but was, as to her, like other ordinary contracts by a married woman, void. After her husband's death, the entire use inured to her; and after *her* death, to her heirs, unincumbered by his debts.

Nor did her partial payment, or promise of full payment of the joint bond when she was her deceased husband's administratrix, entitle the creditor to a personal

judgment against her for the unpaid balance of the joint bond. The bond being void as to her, the debt was exclusively that of her husband; and therefore her promise, merely verbal, to pay the debt of another, was not enforceable against her in her own right; nor, if made as administratrix, could it be enforced without proof of assets.

We are therefore of the opinion that the trust property, in the hands of her heirs, was not liable for that debt, and, consequently, the dismission of the petition seeking the subjection of it was right.

Wherefore, the judgment is affirmed.